■ In the Matter of the Claim of ANGELINA RANDAZZO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— HERLIHY, J. Appeal from a decision of the Unemployment Insurance Appeal Board following a reopening and reconsideration by the full board which adhered to the original decision. This court has stated on numerous occasions that credibility is an issue solely within the province of the board and if there is substantial evidence to sustain the board's finding, this court affirms. We are constrained to note, however, that the voluntary returning of the benefit check by the claimant is strong evidence of her honesty, made more evident when we consider that the said claimant was handicapped by a language barrier. The board would be hard pressed to find a factual situation more extenuating than the present and the finding of a false and untruthful certification can only be sustained by the statement made by claimant when returning the check that she worked during the week in question and when testifying, she stated that she was sick that particular

week. However, this court cannot, under the circumstances, interfere with the board's rejection of the contention by the claimant that the mistake was an honest error. In *Matter of Vick* [*Catherwood*] (12 A D 2d 120), this court held that when a claimant knowingly and intentionally made a wrong mark on an unemployment insurance form, it constituted a false statement as a matter of law. In the present circumstances, the issue was primarily one of fact as to credibility and the board made no express finding as to a knowing and intentional misrepresentation on the part of the claimant, but such a finding is implicit in its decision. It would seem feasible for the board, and on reconsideration, the full board, to set forth its reasons for affirmance rather than to affirm on the decision of the Referee. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Herlihy, J.